**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| 911 NOTIFY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____________ |
| | ) | |
| GULFSTREAM TELEMATICS, LLC d/b/a CRASHBOXX, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff 911 Notify, LLC ("911 Notify") makes the following allegations against Defendant Gulfstream Telematics, LLC dba Crashboxx ("Defendant"):

## PARTIES

1. 911 Notify, LLC is a Delaware limited liability company with a registered address of 903 S. College Ave., Box 275, Newark, Delaware 19715.

2. On information and belief, Defendant is a Colorado limited liability company with a principal place of business at 2614 Timberline #109, Fort Collins, CO 80525. Defendant's agent for service of process is Peter F. Byrne, 2614 Timberline #109, Fort Collins, CO 80525.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because, among other reasons, Defendant has done business in this District, has committed and continues to commit acts of patent infringement in this District, and has harmed and continues to harm 911 Notify in this District, by, among other things, using, selling, offering for sale, and importing infringing products and services in this District.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this District, has committed and continues to commit acts of patent infringement in this District. On information and belief, for example, Defendant has used, sold, offered for sale, and imported infringing products in this District.

**COUNT I**
**(INFRINGEMENT OF U.S. PATENT NO. 6,775,356)**

6. 911 Notify is the owner by assignment of United States Patent No. 6,775,356 to Angelo Salvucci, Don E. Reich, Kurt E. Warner, and William C. Cook, (the "'356 Patent"), entitled "Real-Time Incident and Response Information Messaging in a System for the Automatic Notification that an Emergency Call has Occurred from a Telecommunication Device."

7. The application for the '356 Patent was filed on September 27, 2001, and is a continuation-in-part of United States Patent Application No. 09/712,660, filed on November 30, 2000. The '356 Patent issued on August 10, 2004. A true and correct copy of the '356 Patent is attached as Exhibit A.

8. Inventors Don Reich and Kurt Warner have over twenty years of experience in the field of emergency systems, and are named inventors on over a dozen patents covering emergency, cellular, and medical systems.

9. The ’356 Patent discloses various novel ways to overcome drawbacks in pre-existing emergency notification systems to ensure timely, informed, and accurate notifications not only to emergency responders, but other identified parties. The inventors of the ’356 Patent recognized that “there is a need for an improved system and method of communicating emergency telephone call notices to designated parties that provides real-time information about the incident or emergency that is being reported, automatically, with or without human intervention.” (’356 Patent at 4:54-58.)

10. The ’356 Patent teaches a specific and novel emergency notification system.

11. For example, the claims of the ’356 Patent are directed to specific, concrete technological innovations. In particular, claim 1 of the ’356 Patent relates to receiving an alert signal indicating that a call has been placed to an emergency service, collecting real-time data from message content of the call, the real-time data collected within a specific time interval, using the alert signal to fetch a specific subscriber record, activating a message that includes the real-time data, and notifying pre-identified other parties of the emergency and certain real-time data.

12. The ’356 Patent claims a specific solution provided by defined and narrow systems in a specific field, and not a general mathematical formula, algorithm, or mere mental step.

13. With the ’356 Patent, there is no risk of pre-empting an entire field. The patent itself and prosecution history, for instance, disclose alternative and pre-existing systems that provide notices of an emergency in a manner distinguishable from the claims of the ’356 patent.

14. The ’356 Patent is necessarily rooted in telecommunication messaging technology in order to overcome problems specifically arising in telecommunication messaging networks and emergency notification systems.

15. The ’356 patent has been cited by over 40 United States patents as prior art before the United States Patent and Trademark Office. Companies holding patents that cite the ’356 patent include: AT&T, Cingular Wireless, Everbridge, Ford, IBM, Intrado, Medtronic, Samsung Electronics, Sprint Communications, and Telecommunication Systems, Inc.

16. Defendant has infringed and is still infringing the ’356 Patent, in this judicial District and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products and services that embody the patented inventions, and will continue to do so unless enjoined by this Court.

17. For example, Defendant’s infringing products and services include functionality that provides notification to identified parties (*e.g.*, fleet operators) that an emergency call (*e.g.*, crash alert) to an emergency service has been made from a subscriber.

18. Defendant’s infringing products and services notify an emergency service provider, and disclose to emergency services real-time data (*e.g.*, event type, map panel with the vehicle’s path in the 10 seconds preceding the event, acceleration vs. time chart, speed vs. time, force gauge, date, time, primary direction of force, (PDOF), vehicle identifier and a severity gauge) which is collected between the time of the emergency call and the initiation of a response.

19. Upon receiving the emergency call, the system fetches a subscriber record, containing indicia corresponding to identified parties from a subscriber database, and activates a message response system that initiates notification of the identified parties, including, for example, emergency services, fleet operators, insurers, and other authorized users.

20. The infringing products and services include the products and services that perform the functionality described above, such as (without limitation), *e.g.*, Crash Notification, and all versions and variations thereof since the issuance of the '356 Patent. *See, e.g.*, http://calamp.crashboxx.com/physical/automatic-crash-notification/.

21. Defendant's publicly available documents (as in the image below) disclose that Defendant's accused products and services provide "crash alerts," collect a variety of real-time crash event parameters, and notify certain persons, consistent with the '356 Patent's disclosures regarding receiving an alert signal and real-time information and notifying identified parties of such information. (*Id.*)

Automatic Crash Notification (ACN) is a web based report which provides users with crash alerts, vital Information about what occurred immediately before a crash as well as key technical metrics. The Automatic Crash Notification report offers more detail than the ICN, and is available within a few seconds of the event. The purpose of ACN is to letfleet operators know when their drivers have been involved in an accident so they can assist, if needed.. ACN may also be used to alert emergency services, and assist in the management of any liability which emerges from an accident. ACNs contain the following crash event parameters: event type, map panel with the vehicle's path in the 10 seconds preceding the event, acceleration vs time chart, speed vs time, force gauge, date, time, primary direction of force, (PDOF), vehicle identifier and a severity gauge.
Generally, fleet operators with employee drivers, carry employer's liability or workmen's compensation insurance in addition to 3rd party liability coverage.
Fleet operators who have data which they can use in the event of a crash, have a real advantage over others who don't have such information. Whoever has the most timely and relevant information generally will prevail, and this applies whether the fleet operator purchases insurance or is self-insured.
Time elapsed between the impact event and the receipt of the ACN is generally less than 10 seconds (latency depends on mobile network). ACN requires a crash grade telematics control unit (either OBD II plug in or hardwired), running CrashCode™.

22. Other publicly available documents about Defendant's infringing products and services disclose that Defendant's:

> Instant Crash Notification is a **real time crash alert** sent to authorized users by text message (SMS). The purpose of ICN is to **deliver a simple crash alert as quickly as possible to the smartphones of authorized users**. Ideal for fleets, insurers or government vehicle pools, **ICNs contain the following crash event parameters: event type, map hyperlink, a vehicle identifier and a basic severity gauge**. Time elapsed between the impact event and the receipt of the ICN on a smartphone is generally less than 5 seconds (latency depends on mobile network). ICN requires a crash grade telematics control unit (either OBD II plug in or hardwired), running CrashCode™.

http://crashboxx.com/physical/instant-crash-notification/.

23. Other publicly available documents (as in the image below) about Defendant's infringing products and services disclose the user interface of the accused products and services:




24. On information and belief, Defendant had actual knowledge of the '356 Patent at least as early as filing of the Complaint.

25. 911 Notify is informed and believes, and thereon alleges, that Defendant has contributorily infringed and is currently contributorily infringing the '356 Patent in violation of 35 U.S.C. § 271(c), by selling or offering for sale to third parties (*e.g.*, Defendant's customers), in this judicial district and elsewhere throughout the United States, without license or authority from 911 Notify, components that embody a material part of the inventions described in the '356 Patent, are known by Defendant to be especially made or especially adapted for use in infringement of the '356 Patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including the infringing products set forth above and their respective components. 911 Notify is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '356 Patent in violation of 35 U.S.C. § 271(a) by using infringing software and hardware products, including some or all of the infringing products and their respective components.

26. 911 Notify is informed and believes, and thereon alleges, that Defendant has actively induced and is currently inducing the infringement of the ’356 Patent in violation of 35 U.S.C. § 271(b) by knowingly and intentionally encouraging or aiding third parties (*e.g.*, Defendant’s customers) to use infringing software and hardware products in this judicial district and elsewhere throughout the United States, without license or authority from 911 Notify, including at least the infringing products set forth above. 911 Notify is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the ’356 Patent in violation of 35 U.S.C. § 271(a) by using infringing software and hardware products, including some or all of the infringing products. Defendant took affirmative acts to encourage infringement with the knowledge that the induced acts constitute patent infringement. For example, Defendant through at least its user manuals, product support, marketing materials, and training materials actively induced their customers and users of the infringing products to infringe the ’356 Patent, knowing that the use of the infringing products according to the user manuals, product support, marketing materials, and training materials constitute patent infringement.

27. By engaging in the conduct described herein, Defendant has injured 911 Notify and is thus liable for infringement of the ’356 Patent pursuant to 35 U.S.C. § 271.

28. Defendant has committed these acts of infringement without license or authorization.

29. As a result of Defendant’s infringement of the ’356 Patent, 911 Notify has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant’s infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

30. 911 Notify has also suffered and will continue to suffer severe and irreparable harm unless this Court enjoins Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the ’356 Patent.

## PRAYER FOR RELIEF

911 Notify respectfully requests that this Court enter:

A. A judgment in favor of 911 Notify that Defendant has infringed the ’356 Patent;

B. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the ’356 Patent, or such other equitable relief the Court determines is warranted;

C. A judgment and order requiring Defendant to pay 911 Notify its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant’s infringement of the ’356 Patent as provided under 35 U.S.C. § 284;

D. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to 911 Notify its reasonable attorneys’ fees against Defendant;

E. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to 911 Notify, including without limitation, pre-judgment and post-judgment interest; and

F. Any and all other relief to which 911 Notify may be entitled.

**DEMAND FOR JURY TRIAL**

911 Notify, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: July 7, 2015

Of Counsel:

Benjamin T. Wang
C. Jay Chung
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310/826-7474
bwang@raklaw.com
jchung@raklaw.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
Sara E. Bussiere (sb5725)
222 Delaware Avenue, Suite 900
PO Box 25130
Wilmington, DE 19899
rkirk@byardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com
(302) 655-5000

*Attorneys for Plaintiff 911 Notify, LLC*